UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| POP TEST CORTISOL, LLC, | : |
| Plaintiff, | : Civil Action No. 14-7174 (WJM) |
| v. | : |
| THE UNIVERSITY OF CHICAGO, et al., | : ORDER |
| Defendants. | : |

This matter having come before the Court by way of Defendants' requests [D.E. 55, 56] to hold the initial scheduling conference in abeyance and stay any associated discovery deadlines;

and Plaintiff opposing Defendants' requests, see Pl.'s Ltr., at 1, Apr. 27, 2015, D.E. 58;

and it appearing that Defendants the University of Chicago, Suzanne D. Conzen, Deng Pan, and Masha Kocherginsky (collectively, the "Chicago Defendants") filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) [D.E. 7, 8], which are currently pending before the District Court, see Chicago Defs.' Ltr., at 1, Apr. 21, 2015, D.E. 55;

and it further appearing that Defendants Tracie Carey and Dr. Marty Huber (collectively, the "Merck Defendants") filed a motion to compel arbitration [D.E. 14], which is also currently pending before the District Court, see Merck Defs.' Ltr., at 1, Apr. 21, 2015, D.E. 56;

and the Court having considered the parties' submissions, the record, and the applicable law;

and "[p]ursuant to Federal Rule of Civil Procedure 26(c), the Court may stay discovery pending determination of a motion to dismiss only on a showing of 'good cause' by the party

requesting a stay[,]" Maher Terminals, LLC v. Port Auth. of N.Y. & N.J., No. 12-6090, 2013 WL 2253532, at *2 (D.N.J. May 22, 2013) (citing Gerald Chamales Corp. v. Oki Data Ams., Inc., 247 F.R.D. 453, 454 (D.N.J. Dec. 11, 2007)); see also Dimensional Music Publishing, LLC v. Kersey ex rel. Estate of Kersey, 448 F. Supp. 2d 643, 655 (E.D.Pa. 2006) ("In determining whether to stay an action, a court must weigh the competing interests of the parties, as well as the possibility that a stay would harm one of the parties.");

and the Court "maintain[ing] wide discretion to manage discovery issues and enter stays where good cause has been shown[,]" id. (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936));

and for good cause shown;[1]

**IT IS ON THIS 30th day of April, 2015,**

**ORDERED** that Defendants' requests to hold the initial scheduling conference in abeyance and stay all deadlines pending the outcome of the motions to dismiss [D.E. 7, 8] and motion to compel arbitration [D.E. 6] is **GRANTED**; and it is further

---

[1] Although the mere filing of a motion to dismiss does not constitute good cause for staying discovery, see Gerald Chamales Corp. v. Oki Data Ams., Inc., 247 F.R.D. 453, 454 (D.N.J. Dec. 11, 2007), the Court finds that Defendants have demonstrated "good cause" for staying discovery in this case. The Chicago Defendants have moved to dismiss the Complaint against them, raising substantial jurisdictional issues. The Merck Defendants have moved to compel arbitration. Both motions, if granted, would obviate the need for discovery. Thus, a stay of discovery is appropriate. This Court takes no position on the merits of Defendants' motions.

Furthermore, the Court finds that plaintiff will not be prejudiced if discovery is stayed. See McLafferty v. Deutsche Lufthansa A.G., No. 08-1706, 2008 WL 4612856, at *1 (E.D. Pa. Oct. 15, 2008) (staying discovery pending resolution of defendant's motion to dismiss because plaintiff would suffer "little prejudice" if discovery was stayed at such an early stage and the discovery process would be "streamlined" by waiting until the motion was decided).

**ORDERED** that Defendants shall, within 48 hours of obtaining a ruling on the pending motions, notify the Court about such ruling so that the Court may set a date as necessary for the initial scheduling conference.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**
